February 23, 2018

**VIA ECF**
The Honorable Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *Lisa Ramaci v. Federal Bureau of Investigation*, 17 Civ. 10084 (RA)

Dear Judge Abrams:

The parties to the above-referenced Freedom of Information Act ("FOIA") litigation submit this joint letter pursuant to the Court's January 12, 2018 Order.  *See* Dkt. No. 8.  Counsel for Defendant Federal Bureau of Investigation ("FBI" or the "Government") has conferred with counsel for Plaintiff Lisa Ramaci ("Plaintiff"), who joins in this letter.  An initial pretrial conference for this case is scheduled for **3:30 p.m. on March 1, 2018**.

Because this is an action brought under FOIA, which is in essence review of an agency action, the parties understand Local Civil Rule 16.1 to exempt them from the requirement of a mandatory scheduling order contained in Fed. R. Civ. P. 16(b).  Accordingly, the parties respectfully request to be relieved of the obligation to submit a proposed case management plan and scheduling order pursuant to Fed. R. Civ. P. 26(f) and Your Honor's Individual Practices in advance of the initial conference.  Furthermore, no standard-form scheduling order is needed because the parties expect that this case, like most FOIA cases, will be resolved through settlement or on cross-motions for summary judgment.  *See Wood v. F.B.I.*, 432 F.3d 78, 85 (2d Cir. 2005) ("'[D]iscovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face,' and a district court may forgo discovery and award summary judgment on the basis of submitted affidavits or declarations." (citation omitted)).  Instead, and as discussed below, the parties respectfully propose submitting a production schedule for the Court's consideration regarding any remaining records on or before March 30, 2018.

Pursuant to the Court's January 12, 2018, Order, this letter addresses in separate paragraphs: (1) a brief description of the nature of the action and the principal defenses thereto; (2) a brief explanation of why jurisdiction and venue lie in this Court; (3) a brief description of any contemplated motions; (4) a brief description of any discovery that has taken place, or discovery needed for settlement; (5) a brief description of prior settlement discussions and the prospect for settlement; (6) the estimated length of trial; and (7) any other information the parties believe may assist the Court.

**1.     A brief description of the nature of the action and the principal defenses thereto**

Plaintiff Lisa Ramaci brought this action against defendant FBI to vindicate her rights under FOIA to obtain certain government records relating to the kidnapping and murder of her husband, journalist Steven Vincent, in Basra, Iraq, on August 2, 2005.  Ms. Ramaci is a plaintiff

in several lawsuits alleging that Iran, its instrumentalities, and other parties were responsible for Mr. Vincent's abduction and death in Iraq by Iranian-backed terrorists. The documents Ms. Ramaci requested from the FBI are important for proving her claims in those suits (because Mr. Vincent was a civilian and a U.S. citizen when he was in Iraq, the FBI, rather than the U.S. military, investigated his kidnapping and murder).

Ms. Ramaci, through her attorneys, made a FOIA request on September 9, 2016 to the FBI for copies of its file related to the investigation it conducted into Mr. Vincent's kidnapping and murder. On February 10, 2017, the FBI represented to Ms. Ramaci's attorneys that the FBI might take "several years" to release the documents since the entire investigatory file totaled 3,362 pages. Ms. Ramaci subsequently agreed to narrow the scope of her request to match that of a pending, previous FOIA request for Mr. Vincent's investigatory file made by an unrelated third party.

In response, on February 13, 2017, the FBI represented that, by narrowing the scope, Ms. Ramaci had reduced the size of the set of responsive documents to just two separate documents, identified by the FBI as the investigation's "closing memo" and a "serial describing the investigation," totaling 116 pages. The FBI then represented to Ms. Ramaci's attorneys on multiple occasions that the 116 pages would be produced by June 2017. The FBI subsequently postponed the date, first to November 2017, then to May 2018, without explanation. On November 30, 2017, Ms. Ramaci advised the FBI that, given the length of time that had already passed, any further delay was unacceptable, and advised the FBI that unless the documents were produced by December 22, 2017, she would seek to enforce her rights pursuant to the FOIA statute. This lawsuit followed. Notwithstanding the passage of ten months since Plaintiff agreed to narrow the scope of her request and numerous inquiries from Ms. Ramaci's attorneys, the FBI has not produced either of the two documents.

Given the FBI's failure prior to the filing of this lawsuit to provide the narrow set of documents it identified in its February 13, 2017 letter, Ms. Ramaci now seeks the release of the entire investigatory file as requested in her original, September 9, 2016, FOIA request. Throughout the 18 months that have elapsed since the Plaintiff's initial request, the FBI has not identified any responsive documents subject to complete withholding under any of the exemptions from public disclosure set forth in 5 U.S.C. § 552(b).

The Government claims some or all the requested documents and information are exempt from disclosure under 5 U.S.C. § 552(b). *See* Answer at 9. The Government also claims that the Court lacks subject matter jurisdiction over any requests for relief that exceed the relief authorized under FOIA. *See id.* The Government also asserts that the FBI has exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for the FBI to process the FOIA request. *See id.*

## 2.      A brief explanation of why jurisdiction and venue lie in this Court

Under Title 5, Section 552, of the United States Code, a "district court … in which the complainant resides … has jurisdiction to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Plaintiff represents that she resides in New York, New York, and venue is proper. *See* Compl. ¶¶ 12-13.

**3.       A brief description of all contemplated motions and prospect for settlement**

The parties have not filed any motions with the Court as of February 23, 2018.  The FBI anticipates making an initial production of the non-exempt records it identified to Plaintiff in its February 13, 2017 correspondence on or before February 28, 2018.  Following a review of that production, Plaintiff, without waiving her right to the release of all non-exempt documents responsive to her original September 9, 2016 request, will work with the FBI to assess if the scope of her original request can be narrowed.  The parties will then meet and confer to determine a proposed schedule for production of any remaining responsive, non-exempt records, which the parties will submit to the Court for its approval on or before March 30, 2018.

After FBI has produced all responsive non-exempt documents in its possession, the parties will meet and confer to determine if any outstanding disputes remain.  If so, the parties will submit to the Court for its approval a proposed briefing schedule for motions for summary judgment.  The parties will attempt to reach agreement on all deadlines but will seek the Court's assistance if there are any disputes regarding deadlines.

**4.       A brief description of any discovery that has taken place, or discovery needed for settlement**

The parties have not engaged in any discovery to date, and do not anticipate the need for same, as discovery is generally disfavored in FOIA actions. *See Wood*, *supra*.

**5.       The estimated length of trial**

Because this is a FOIA action, the parties do not anticipate a trial in this matter.

**6.       Any other information the parties believe may assist the Court**

None at this time.

We thank the Court for its consideration of this letter.

Respectfully submitted,

| | |
|---|---|
| OSEN LLC | GEOFFREY S. BERMAN<br>United States Attorney |
| *Attorneys for Plaintiff* | *Attorney for Defendant* |
| By:  /s/ William A. Friedman | By:   /s/ Natasha W. Teleanu |
| William A. Friedman | NATASHA W. TELEANU |
| Michael J. Radine | Assistant United States Attorney |
| 420 Lexington Avenue, Suite 1648 | 86 Chambers Street, Third Floor |
| New York, New York 10170 | New York, New York 10007 |
| Tel.: (201) 265-6400 | Tel.: (212) 637-2528 |
| Fax: (201) 265-0303 | Fax: (212) 637-2686 |
| E-mail: wfriedman@osenlaw.com | E-mail: natasha.teleanu@usdoj.gov |