May 4, 2018

**VIA ECF**
Honorable Ronnie Abrams
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Lisa Ramaci v. Federal Bureau of Investigation*, 17 Civ. 10084 (RA)

Dear Judge Abrams:

The parties to the above-referenced Freedom of Information Act ("FOIA") litigation submit this joint status letter pursuant to the Court's April 3, 2018 Order. *See* ECF No. 16. Counsel for Plaintiff Lisa Ramaci has conferred with counsel for Defendant Federal Bureau of Investigation ("FBI" or the "Government"), who joins in this letter.

In the parties' prior submission, the FBI proposed, and Ms. Ramaci accepted, a schedule whereby the FBI would review and process 500 pages per month for release of all non-exempt information, or notification of complete or partial withholding pursuant to any applicable FOIA exemption, on the 30th day of every month, beginning April 30, 2018. On May 1, 2018, Plaintiff's counsel received the FBI's first release pursuant to the agreed-upon schedule, which consisted of 239 pages. According to the FBI's correspondence accompanying the production, it reviewed 635 pages, withheld entirely 196 pages pursuant to various FOIA exemptions, and is "consulting with another agency" with regard to the remaining 200. Plaintiff has requested that the FBI identify the other agency (or agencies) with whom it is consulting, the types of documents that it is withholding pending such consultation and the anticipated timeframe(s) for production.

### Ms. Ramaci's Position

As with the FBI's initial release of documents on February 28, 2018, the documents it has produced are heavily redacted, particularly with regard to what appear to be witness statements provided to the FBI agents investigating the kidnapping and murder of Ms. Ramaci's husband, Steven Vincent—statements that she believes may provide key information relating to the identities and group affiliations of the individuals that perpetrated the crime. According to the FBI, it has withheld this information pursuant to FOIA exemptions (b)(6) (personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy), (b)(7)(C) (law enforcement records that could reasonably be expected to constitute an warranted invasion of personal privacy) and (b)(7)(D) (law enforcement records that could reasonably be expected to disclose the identity of a confidential source). In the context of these files, Plaintiff understands the (b)(6) and (b)(7)(C) redactions to be limited to the names and addresses of the witnesses, and she is not challenging the FBI's withholding of this information.

The FBI's redactions premised on exemption (b)(7)(D), however, pose a serious challenge, in that this exemption, when appropriately asserted, permits the FBI to redact entirely <u>all</u>

2

"information furnished by a confidential source"— *i.e.*, the entire witness statement.[1] *See* 5 U.S.C. § 552(b)(7)(D).  In determining whether the FBI properly redacted these statements, "the question is not whether the requested *document* is the type that the agency usually treats as confidential, but whether the particular *source* spoke with an understanding that the communication would remain confidential." *U.S. Dept. of Justice v. Landano*, 508 U.S. 165, 172 (2014) (emphasis in original).

Ms. Ramaci's position is that with respect to at least one of the witnesses, Mr. Vincent's friend and translator, Nour al-Khal, the FBI's investigators made no such implicit or explicit guarantees of confidentiality. Ms. Khal was not only a witness but also a victim—she was kidnapped along with Mr. Vincent, shot and left for dead at the same time as he. In 2007, after two years of tireless effort, Plaintiff succeeded in assisting Ms. Khal in emigrating to the United States, after which Ms. Khal gave several interviews to local and national press outfits regarding the attack that injured her and killed Mr. Vincent.[2]

Given that the FBI intends to continue redacting all (or nearly all) of the witness statements in full pursuant to exemption (b)(7)(D), Plaintiff respectfully requests that the Court permit the parties to brief this issue now, rather than after the FBI completes production.  Based upon the original schedule, the FBI has represented that it will complete its initial review and release of the entire investigatory file by December 30, 2018. However, given the fact that 200 pages have already been withheld pending consultations with as yet unnamed agencies, it is reasonable to expect that the actual document production will not be completed until well into 2019.  The issue of the (b)(7)(D) redactions is a discrete one that will turn upon whether the FBI can demonstrate to the Court's satisfaction that its agents provided implicit or explicit warranties of confidentiality to the witnesses whose statements it has redacted entirely from the records.

Plaintiff's position is that briefing this issue now will inure to the benefit of both the Court and the parties. If Plaintiff is successful, the FBI will only need to reprocess the limited documents it has already produced, and she need not risk waiting until mid to late 2019 for a determination of the matter. Moreover, the Court's determination of this issue may likely be resolved by an *in camera* review of what is at this time a relatively small amount of unredacted statements.

### **The FBI's Position**

The FBI opposes Plaintiff's request to file a preliminary motion for summary judgment to address initial FOIA withholdings under Section 552(b)(7)(D).  Such a request to proceed in piecemeal fashion is inefficient, an improper use of the Court's and the parties' resources, and is disfavored under the Federal Rules of Civil Procedure.  Under the current scheduling order, the

---

[1]    Indeed, the Department of Justice Guide to the Freedom of Information Act provides that "[i]t has long been recognized that Exemption 7(D) affords the most comprehensive protection of all of the FOIA's law enforcement exemptions." *See* https://www.justice.gov/sites/default/files/oip/legacy/2014/07/23/exemption-7d.pdf.

[2]    See, *e.g.*, Haberman, Clyde, "Inventing a New Life, Yet Again," *The New York Times*, February 3, 2011, https://www.nytimes.com/2011/02/04/nyregion/04nyc.html; "From Baghdad to New York," *The Brian Lehrer Show*, WNYC, July 6, 2007, https://www.wnyc.org/story/25347-from-baghdad-to-new-york; "Talking with Lisa and Nour," *NBC Nightly News*, January 1, 2010, http://www.nbcnews.com/video/nightly-news/19680141; Moynihan, Colin, "In Grief, a Bond and the Resolve to Help," *The New York Times,* July 4, 2007, https://www.nytimes.com/2007/07/04/nyregion/04translate.html.

FBI is releasing documents on a rolling monthly basis, through December 2018. *See* ECF No. 16. Although Plaintiff seeks to challenge withholdings contained in the two initial productions from the FBI, any ultimate resolution on current 7(D) disputes would not necessarily resolve future disputes. Additional withholding disputes may arise in the future, as the FBI proceeds with additional releases, which would require supplemental rounds of summary judgment briefing. Moreover, even if the Court were to rule on the disputed 7(D) withholdings at this time, it is entirely unclear how any such ruling would impact any future 7(D) withholdings—whether as an advisory opinion or otherwise.

Instead, and consistent with the normal process for FOIA matters, the FBI maintains that any disputes regarding withholdings should be addressed in an omnibus summary judgment motion following the conclusion of the FBI's production schedule. In addition to conserving judicial resources, a summary judgment briefing schedule that addresses all outstanding issues at once would permit the FBI to proceed in a more efficient manner. Plaintiff's proposed preliminary summary judgment motion would necessarily slow down the FBI's ongoing processing of Plaintiff's FOIA request because the same FBI personnel responsible for the processing would also need to divert time and resources to prepare and submit declarations in support of any withholdings in connection with Plaintiff's proposed motion. *See Tilcon Minerals, Inc. v. Orange and Rockland Utilities, Inc.*, 851 F. Supp. 529, 531 (S.D.N.Y. 1994) ("A series of piecemeal summary judgments would waste resources of both the parties and the court, contrary to the objectives of Fed. R. Civ. P. 1."). In the interest of efficiency, the FBI respectfully requests that the Court deny Plaintiff's request to file a preliminary motion for summary judgment on the initial 7(D) withholdings. *See Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) ("The Court considers it more economical to address the remaining issues in this litigation all at once, rather than invite a round of briefing on this narrow issue, especially because it appears to be contested on the merits.").

We thank the Court for its consideration of this letter.

Respectfully submitted,

OSEN LLC                                            GEOFFREY S. BERMAN
                                                    United States Attorney
*Attorneys for Plaintiff*                           *Attorney for Defendant*

By: */s William A. Friedman*          By:    */s Natasha W. Teleanu*
William A. Friedman                          NATASHA W. TELEANU
Michael J. Radine                            Assistant United States Attorney
420 Lexington Avenue, Suite 1648             86 Chambers Street, Third Floor
New York, New York 10170                     New York, New York 10007
Tel.: (201) 265-6400                         Tel.: (212) 637-2528
Fax: (201) 265-0303                          Fax: (212) 637-2686
                                             E-mail: natasha.teleanu@usdoj.gov