USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 05/07/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA RAMACI,

                    Plaintiff,

        v.                                        No. 17-CV-10084 (RA)

                                                  ORDER

FEDERAL BUREAU OF
INVESTIGATION,

                    Defendant.

RONNIE ABRAMS, United States District Judge:

On May 4, 2018, the parties to this case submitted a joint letter regarding the status of document production in this FOIA action. *See* Letter (Dkt. 17). Plaintiff has received the first release of documents from the FBI according to their agreed schedule. The FBI reviewed 635 pages and released 239 of them. Of the pages that the FBI excluded, the FBI withheld 200 so that it can consult with a different agency about them, and Plaintiff has requested from the FBI information about the identity of "the agency (or agencies) with whom it is consulting, the types of documents that it is withholding pending such consultation, and the anticipated timeframe(s) for production." *Id.* at 1. The FBI has asserted FOIA exemptions as their basis for excluding the remaining 196 pages. In the May 4 letter, Plaintiff objects to the FBI's invocation of FOIA exemption (b)(7)(D) to exclude what appears to be a substantial portion of those 196 pages, and she requests that the Court set a summary-judgment briefing schedule to address her objection presently. *See id.* at 1–2. The FBI opposes Plaintiff's request, arguing that it would be more efficient to wait until the currently scheduled productions are completed before proceeding with summary-judgment briefing. *Id.* at 2–3.

Although the Court is sympathetic to Plaintiff's desire to obtain the relevant documents to which she claims she is entitled as quickly as possible, summary-judgment briefing is premature at this time. There are still thousands of pages of documents that the FBI has agreed to review and process between now and December 2018. Although Plaintiff describes the issue with regard to the (b)(7)(D) redactions as "discrete," it appears likely that related but distinct issues will continue to arise throughout the course of the remaining production. At present, it would be inefficient for both the parties and the Court to address Plaintiff's objection. When the Court has a more complete record, it will be better positioned to assess the parties' arguments.

The Court thus denies Plaintiff's request for a summary-judgment briefing schedule without prejudice. As the record develops and documents are produced, Plaintiff may renew her request if she believes it appropriate to do so. If Plaintiff chooses to renew her request prior to the end of the scheduled productions, she should indicate in her request why she believes the issues on which she seeks partial summary judgment are not likely to be implicated by the documents that have not yet been produced.

SO ORDERED.

Dated:    May 7, 2018
         New York, New York

_____
Ronnie Abrams
United States District Judge

2